OWENS v. HUDSON.

**Void Execution Sale.**

The levy of an execution by a jailer when it is directed to the sheriff is void.

**Same.**

The *venditio exponas* directing the sheriff to sell the property illegally levied on by the jailor was also illegal.

**Same — Estoppel.**

Appellants' surrender of his land to the jailer to sell in lieu of the personal property was without consideration, and the result of illegal coercion. The principal of estoppel does not apply to a surrender coerced by a void execution or levy. The sale and conveyance was illegal and void.

APPEAL FROM PULASKI CIRCUIT COURT.

June 21, 1866.

OPINION OF THE COURT BY JUDGE ROBERTSON:

If the jailer was the proper officer to levy the executions ought to have been directed to *him*. He had no legal right to levy an execution directed to the sheriff. His levy on a slave and other personalty was, therefore, void. The *venditio exponas* directing the sheriff to sell that property illegally levied on by the jailer was also illegal; and, therefore, according to the principle recognized in Geoghegan v. Ditto, 2 Metc. 437, Hudson's surrender of his land to the jailer to sell in lieu of the personalty was without consideration and the result of illegal coercion. It waived only past irregularities, not illegal and void acts. The principle of estoppel does not apply to a surrender coerced by a void execution or levy.

Moreover the jailer's return of the sale of the land not only does not import but excludes the implication that he offered, as it was his duty to do, any less quantity than the whole tract, worth several thousand dollars to satisfy the execution for less than $500.

We are, therefore, of the opinion that the sale and conveyance were illegal and void, and the verdict and judgment consequently right.

But, under all the circumstances, we think that Owens should hold an equitable lien on the land for securing his debt and 10

per cent. interest thereon which redemption would have cost. He seems to have acted in good faith, and Hudson appears to have either fraudulently or negligently trifled with his own as well as Owens' rights; and, therefore, the 10 per cent. is considered but equitable. The equitable lien herein recognized may be in form or by approximate proceedings.

Judgment affirmed.